# UNITED STATES DISTRICT COURT

for the
District of Colorado

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

The e-mail account and information associated with **hillarydave01@gmail.com** that is in the possession of **Google Inc.**, whose office is located at **1600 Amphitheatre Parkway, Mountain View, CA94043**, more fully described in Attachment A, attached hereto.

)
)
)
)
)
)
)
)

Case No. 17-sw-05415-MJW

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ___State and___ District of ___Colorado and elsewhere___ *(identify the person or describe property to be searched and give its location)*:

**SEE "ATTACHMENT A"**, which is attached to and incorporated in this Application and Affidavit

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"**, which is attached to and incorporated in this Application and Affidavit

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

    **X** evidence of a crime;

    **X** contraband, fruits of crime, or other items illegally possessed;

    **X** property designed for use, intended for use, or used in committing a crime;

    ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ___18___ U.S.C. §§ ___2252 and 2252A___, and the application is based on these facts:

    **X** Continued on the attached affidavit, which is incorporated by reference.

    ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*s/Darrell Franklin*
_____
*Applicant's signature*

Darrell Franklin, Special Agent
_____
*Printed name and title*

Sworn to before me and: ☐ signed in my presence.
                  ☒ submitted, attested to, and acknowledged by reliable electronic means.

Date: ___April 5, 2017___

                                    *Judge's signature*

City and state: ___Denver, CO___

                          Michael J. Watanabe U.S. Magistrate Judge
                                    *Printed name and title*

**ATTACHMENT A**

**<u>DESCRIPTION OF LOCATION TO BE SEARCHED</u>**

Information associated with the e-mail account known as "**hillarydave01@gmail.com**" (hereinafter and in Attachment B "SUBJECT ACCOUNT") which is in the possession of or under the control of the E-mail and Internet Service Provider **Google Inc.** whose office is located at **1600 Amphitheatre Parkway, Mountain View, CA 94043** (hereinafter and in Attachment B "PROVIDER.")

1

ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

Pursuant to 18 U.S.C. § 2703, PROVIDER as described in Attachment A is hereby ordered as follows:

## I.      SEARCH PROCEDURE

a.  The search warrant will be presented to personnel of the PROVIDER, who will be directed to isolate those accounts and files described in Section II below regardless of whether such information is stored, held or maintained inside or outside of the United States;

b.  In order to minimize any disruption of computer service to innocent third parties, the PROVIDER'S employees and/or law enforcement personnel trained in the operation of computers will create an exact duplicate of the computer accounts and files described in Section II below, including an exact duplicate of all information stored in the computer accounts and files described therein;

c.  The PROVIDER'S employees will provide the exact duplicate in electronic form of the accounts and files described in Section II below and all information stored in those accounts and files to the agent who serves the search warrant; and

d.  Law enforcement personnel will thereafter review all information and records received from the PROVIDER'S employees to determine the information to be seized by law enforcement personnel specified in Section III.

## II.      FILES AND ACCOUNTS TO BE DISCLOSED BY THE PROVIDER'S EMPLOYEES

a.  For the SUBJECT ACCOUNT listed in Attachment A for the time period from the date the SUBJECT ACCOUNT was created, to the date the PROVIDER collects the data in response to this order the PROVIDER shall disclose the following information, and the disclosure shall include all information even if deleted yet still available to the PROVIDER, and all information preserved pursuant to a request under 18 U.S.C. § 2703(f):

   1.  The contents of all e-mails and attachments associated with the SUBJECT ACCOUNT, including deleted, stored, or preserved (pursuant to 18 U.S.C. § 2703(f) or otherwise) e-mails sent to and from the account, draft e-mails, existing printouts of any such e-mails, the source and destination addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail;

   2.  All records or other information regarding the identification of the SUBJECT ACCOUNT, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses, phone numbers, or other identifying information provided during registration, other associated e-mail accounts, all screen names associated with the subscribers and/or accounts, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

   3.  All records indicating the services available to subscribers of the SUBJECT ACCOUNT;

   4.  The services the SUBJECT ACCOUNT utilized and all records generated by those services;

5. All records or other information stored at any time by an individual using the SUBJECT ACCOUNT, including address books, contact and buddy lists, calendar data, pictures, and files;

6. All records pertaining to communications between the PROVIDER and any person regarding the SUBJECT ACCOUNT, including contacts with support services and records of actions taken.

7. For all information responsive to this warrant, regardless of whether such information is stored, held or maintained inside or outside of the United States, the physical location or locations where the information is stored.

b. The Provider is hereby ordered to disclose the above information to the government within **14 DAYS** of the issuance of this warrant.

## III.    INFORMATION TO BE SEIZED BY LAW ENFORCEMENT PERSONNEL

a. All information described above in Section II that constitutes fruits, evidence and instrumentalities of violations of Title 18, United States Code, Sections 2252(a)(1), (2), and (4) and 2252A(a)(1), (2), (3), and (5):

1. All electronic mail, attachments, and related computer files that identify the account user, individuals, or correspondents engaged in the purchase, offer, sale, importation, receipt, distribution, and/or possession of child pornography, that identifies the means or methods used regarding such the purchase, offer, sale, importation, receipt, distribution, and/or possession of child pornography or other violations of Title 18, United States Code, Sections 2252(a)(1), (2), and (4) and 2252A(a)(1), (2), (3), and (5);

2. All electronic mail, attachments, and related computer files that evidences or identifies the means of payment or financing of the sale, importation, transportation, receipt, distribution, and/or possession of child pornography or other violations of Title 18, United States Code, Sections 2252(a)(1), (2), and (4) and 2252A(a)(1), (2), (3), and (5);

3. All "address books" or other lists of correspondents;

4. All saved "chat" transcripts that identify a sexual interest in minors and/or violations of Title 18, United States Code, Sections 2252(a)(1), (2), and (4) and 2252A(a)(1), (2), (3), and (5);

5. Any and all records, documents, visual depictions, and materials pertaining to child pornography, child erotica, an interest in such materials, or pertaining to a sexual interest in children, or sexual activity involving children;

6. Any and all information, notes, software, documents, records, or correspondence, in any form and medium pertaining to any minor who is, or appears to be, the subject of any visual depiction of child pornography, child erotica, sexual activity with other minors or adults, or of sexual interest, or that may be helpful in identifying any such minors;

7. Records relating to who created, used, or communicated with the SUBJECT ACCOUNT or identifier, including records about their identities and whereabouts.

## IV.    PROVIDER PROCEDURES

a. The PROVIDER shall deliver the information set forth above within **14 days** of the service of this warrant and the PROVIDER shall send any **responsive data, if any, by sending to the below address and using the US**

**Postal Service or another courier service, notwithstanding 18 U.S.C. 2252A or similar statute or code;** and where maintained in electronic form, on CD-ROM or an equivalent electronic medium, to:

> Special Agent Darrell Franklin
> Homeland Security Investigations
> 4645 W. 18th Street, Suite 500, Greeley, CO 80634
> Darrell.M.Franklin@ice.dhs.gov

b. Pursuant to 2703(g), the presence of an agent is not required for service or execution of this warrant.

## VI.    DEFINITIONS

a. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored.

b. "Child Pornography" as used herein is defined in 18 U.S.C. § 2256(8). (Any visual depiction, including any photograph, film, video, picture, or computer or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct).

c. "Visual depictions" includes prints, copies of visual images, developed and undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image.  See 18 U.S.C. § 2256(5).

d. "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions; this also includes texts or discussions regarding minors engaged in sexual acts or conduct.

## AFFIDAVIT

I, Darrell Franklin being duly sworn, hereby depose and state that the following is true to the best of my information, knowledge, and belief:

## INTRODUCTION AND AGENT BACKROUND

1. I am a Special Agent of U.S. Immigration and Customs Enforcement (ICE) Homeland Security Investigations (HSI), and have been since February 2007. I have successfully completed the eleven-week Criminal Investigator Training Program at the Federal Law Enforcement Training Center; and the eleven week Special Agent Basic Training course offered by ICE.  As part of my duties, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of Title 18, United States Code, Sections 2251, 2252, and 2252A.  I have received training and instruction in the field of investigation of child pornography and have had the opportunity to participate in investigations relating to the sexual exploitation of children.  As part of my training and experience, I have reviewed images containing child pornography in a variety of formats (such as digital still images and video images) and media (such as digital storage devices, the Internet, and printed images).

2. This affidavit is made pursuant to Title 18, United States Code, Section 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), in support of an application for a warrant to search the e-mail account described in Attachment A (hereinafter "SUBJECT ACCOUNT") and all content found therein, there being probable cause to believe that located in the place described in Attachment A are items described in Attachment B, being evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Sections 2252(a)(1), (2), and (4) and 2252A(a)(1), (2), (3), and (5).

3. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause that evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Sections 2252 and 2252A are present at the location described.

4. The information contained within the affidavit is based on my training and experience, as well as information imparted to me by other law enforcement officers involved in this investigation.

## RELEVANT STATUTES

5. This investigation concerns alleged violations of 18 U.S.C. Sections 2252 and 2252A, relating to material involving the sexual exploitation of minors.

6. 18 U.S.C. Sections 2252 and 2252A prohibit a person from knowingly possessing or accessing sexually explicit images (child pornography) with the intent to view them as well as transporting, receiving, distributing or possessing in interstate or foreign commerce, or by using any facility or means of interstate or foreign commerce, any visual depiction of minors engaging in sexually explicit conduct (child pornography).

## DEFINITIONS

1

7. The following definitions apply to this Affidavit and Attachment B to this Affidavit.

8. "Child Pornography" includes the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct).

9. "Visual depictions" includes prints, copies of visual images, developed and undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image See 18 U.S.C. § 2256(5).

10. "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions.

11. In this affidavit, the terms "computers" or "digital storage media" or "digital storage devices" may be used interchangeably, and are intended to include any physical object upon which computer data can be recorded as well as all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices capable of performing logical, arithmetic, or storage functions, including desktop and laptop computers, mobile phones, tablets, server computers, game consoles, network hardware, hard disk drives, RAM, floppy disks, flash memory, CDs, DVDs, and other magnetic or optical storage media.

## BACKGROUND REGARDING THE INTERNET

12. As part of my training, I have become familiar with the Internet (also commonly known as the World Wide Web), which is a global network of computers and other electronic devices that communicate with each other using various means, including standard telephone lines, high-speed telecommunications links (e.g., copper and fiber optic cable), and wireless transmissions, including satellite. Due to the structure of the Internet, connections between computers on the Internet routinely cross state and international borders, even when the computers communicating with each other are in the same state. Individuals and entities use the Internet to gain access to a wide variety of information; to send information to, and receive information from, other individuals; to conduct commercial transactions; and to communicate via electronic mail ("e-mail"). An individual who wants to use Internet e-mail must first obtain an account with a computer that is linked to the Internet – for example, through a university, an employer, or a commercial service – which is called an "Internet Service Provider" or "ISP" (see definition of "Internet Service Provider" below). Once the individual has accessed the Internet, that individual can use an e-mail account provided by their ISP or they can use the Internet to connect to web-based e-mail services (such as those provided by America Online and Microsoft Hotmail) to send and receive e-mail. Web-based e-mail services provide e-mail accounts that may be accessed from any computer that has access to the World Wide Web. In addition, the individual can access websites using web browsers (computer programs that permit users to navigate through pages of information that are stored on remote computers, such as Microsoft's Internet Explorer and Netscape's Navigator) to view or download content, or make purchases. The Internet may also be used to access e-groups (websites that require users to subscribe, and permit subscribers to post messages, chat electronically, post and transfer files and share information), newsgroups (that permit posting of e-mail messages regarding specific topics) and video conferencing.

13. **E-mail Provider**:

A. In my training and experience, I have learned that **Google Inc.** (hereinafter "Provider") provides a variety of on-line services, including electronic mail ("e-mail") access, to the general public. Subscribers obtain an account by registering with Provider. During the registration process, Provider asks subscribers to provide basic personal information. Therefore, the computers of Provider are likely to contain stored electronic communications (including retrieved and unretrieved e-mail for Provider subscribers) and information concerning subscribers and their use of Provider services, such as account access information, e-mail transaction information, and account application information.

B. In general, an e-mail that is sent to a Provider subscriber is stored in the subscriber's "mail box" on Provider servers until the subscriber deletes the e-mail, or until a preservation letter is sent to the e-mail provider. If the subscriber does not delete the message, or if the e-mail provider preserves the content of the account pursuant to a preservation letter, the message can remain on Provider servers indefinitely.

C. When the subscriber sends an e-mail, it is initiated at the user's computer, transferred via the Internet to Provider servers, and then transmitted to its end destination. Provider often saves a copy of the e-mail sent. Unless the sender of the e-mail specifically deletes the e-mail, or if the e-mail provider preserves the content of the account pursuant to a preservation letter, the e-mail can remain on the system indefinitely.

D. Provider subscribers can also store files, including e-mails, address books, contact or buddy lists, pictures, and other files, on servers maintained and/or owned by Provider.

14. **Internet Service Providers ("ISPs"):**

A. ISPs are commercial organizations that are in business to provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers including access to the Internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment. ISPs can offer a range of options in providing access to the Internet including telephone based dial-up, broadband based access via digital subscriber line (DSL) or cable television, dedicated circuits, or satellite based subscription. ISPs typically charge a fee based upon the type of connection and volume of data, called bandwidth, that the connection supports. Many ISPs assign each subscriber an account name – a user name or screen name, an "e-mail address," an e-mail mailbox, and a personal password selected by the subscriber. By using a computer equipped with a telephone or cable modem, the subscriber can establish communication with an ISP over a telephone line or through a cable system, and can access the Internet by using his or her account name and personal password.

B. ISPs maintain records ("ISP records") pertaining to their subscribers (regardless of whether those subscribers are individuals or entities). These records may include account application information, subscriber and billing information, account access information (often times in the form of log files), e-mail communications, information concerning content uploaded and/or stored on or via the ISP's servers, and other information, which may be stored both in computer data format and in written or printed record format. ISPs reserve and/or maintain computer disk storage space on their computer system for their subscribers' use. This service by ISPs allows for both temporary and long-term storage of electronic communications and many other types of electronic data and files. Typically, e-mail that has not been opened by an ISP customer is stored temporarily by an ISP incident to the transmission of that e-mail to the intended recipient, usually within an area known as the home

3

directory.  Such temporary, incidental storage is defined by statute as "electronic storage," see 18 U.S.C. § 2510(17), and the provider of such a service is an "electronic communications service."  An "electronic communications service," as defined by statute, is "any service which provides to users thereof the ability to send or receive wire or electronic communications.  18 U.S.C. § 2510(15).  A service provider that is available to the public and provides storage facilities after an electronic communication has been transmitted and opened by the recipient, or provides other long term storage services to the public for electronic data and files, is defined by statute as providing a "remote computing service."  18 U.S.C. § 2711(2).

15. **Internet Protocol Address ("IP Address")**: Every computer or device on the Internet is referenced by a unique Internet Protocol address the same way every telephone has a unique telephone number. An IP address is a series of numbers separated by periods; an example of an IP address is 192.168.10.102.  Each time an individual accesses the Internet, the computer from which that individual initiates access is assigned an IP address.  A central authority provides each ISP a limited block of IP addresses for use by that ISP's customers or subscribers.  Most ISPs employ dynamic IP addressing, that is they allocate any unused IP address at the time of initiation of an Internet session each time a customer or subscriber accesses the Internet.  A dynamic IP address is reserved by an ISP to be shared among a group of computers over a period of time. The ISP logs the date, time and duration of the Internet session for each IP address and can identify the user of that IP address for such a session from these records.  Typically, users who sporadically access the Internet via a dial-up modem will be assigned an IP address from a pool of IP addresses for the duration of each dial-up session.  Once the session ends, the IP address is available for the next dial-up customer.  On the other hand, some ISPs, including most cable providers, employ static IP addressing, that is a customer or subscriber's computer is assigned one IP address that is used to identify each and every Internet session initiated through that computer.  In other words, a static IP address is an IP address that does not change over a period of time and is typically assigned to a specific computer.  A modem is an electronic device that allows one computer to communicate with another.

16. A host computer is one that is attached to a dedicated network and serves many users.  These host computers are sometimes commercial online services, such as America Online (AOL), which allow subscribers to connect to a network, which is in turn connected to their host systems.  These service providers allow electronic mail service between their own subscribers, and those of other networks or individuals on the Internet.

17. Some of these systems offer their subscribers the ability to communicate publicly or privately with each other in real time in the form of "chat rooms."  Contact with others online can be either open and anonymous, or private and personal in the form of person-to-person instant messages.

18. Collectors and distributors of child pornography often use online resources to retrieve, share, and store child pornography.  Non-pornographic, seemingly innocuous images of minors are often found in email accounts that also contain child pornography, or that is used to communicate with others about sexual activity or interest in children.  Such images are useful in attempting to identify actual minors depicted in child pornography images found during the execution of a search warrant.  In certain cases, such images may also assist in determining the origins of a particular child pornography image or series of images.  Further, the online services allow a user to set up an account with a remote computing service that provides e-mail services as well as electronic storage of computer files in any variety of formats.  A user can set up an online storage account from any computer with access to the Internet.  These online storage accounts are often free but can involve a charge.  A subscriber assigned a free online storage account frequently can set up such accounts by providing limited identifying information.  Any information provided is frequently fictitious in an attempt to preserve the anonymity of the user.  Consequently, even if it is known that a collector or

4

distributor of child pornography is a subscriber of a free online storage service, the service provider frequently will have no records in that subscriber's name. Instead, the online service will only be able to identify files, including child pornography, that are associated with a "login," or unique, user-created identity the subscriber uses to "log on" to the online service. Such an online storage account is particularly useful to a collector or distributor of child pornography. Such a subscriber can collect, store, view and distribute electronic images, including child pornography, directly from the online service. Consequently, the illegal files have minimal contact with the subscriber's home computer. The subscriber can also manipulate the files on an online storage service from any computer connected to the Internet. Nonetheless, evidence of an online storage account is often found on a home computer of a user subscribing to such a service. Evidence of an online storage account may take the form of passwords located in encrypted, archived[1], or other files on the user's home computer. Other evidence can also be found through unique software that may exist on a user's home computer that has been developed by the online storage service. This unique software will frequently contain evidence not only of the existence of such accounts, but the login and password.

19. **The National Center for Missing and Exploited Children ("NCMEC"):** NCMEC is an organization that, among other things, tracks missing and exploited children, and serves as a repository for information about child pornography. Companies that suspect child pornography has been stored or transmitted on their systems can report that information to NCMEC in a cybertip. To make such a report, a company providing services on the internet ("ISP") can go to an online portal that NCMEC has set up for the submission of these tips. The ISP then can provide to NCMEC information about the child exploitation activity it believes has occurred, including the incident type, the incident time, any screen or user names associated with the activity, any IP address or port numbers it captured, as well as other information it may have collected in connection with the suspected criminal activity. Other than the incident type and incident time, the remainder of the information the ISP provides is voluntary and undertaken at the initiative of the reporting ISP. The ISP may also upload to NCMEC any files it collected in connection with the activity. The ISP may or may not independently view the content of the files it uploads. NCMEC does not review the content of these uploaded files. Using publicly available search tools, NCMEC then attempts to locate where the activity occurred based on the information the ISP provides such as IP addresses. NCMEC then packages the information from the ISP along with any additional information it has, such as previous related cybertips, and sends it to law enforcement in the jurisdiction where the activity is thought to have occurred.

## INVESTIGATION AND SUBJECT OF SEARCH WARRANT

20. On January 9, 2017 at 01:39:21 UTC, NCMEC received CyberTipline Report 16375710 from the e-mail provider Google Inc. Google Inc. reported that on January 8, 2017 at 01:34:04 UTC, the G-mail user hillarydave01@gmail.com uploaded an image file named "20707jpg_6198590_24153450.jpg" to an email in G-mail, which may or may not have been sent. Google Inc. categorized the image as depicting a prepubescent minor engaged in a sex act. Sex act for these purposes is an agreed-upon term created by Electronic Service Providers that is defined as "[a]ny image of sexually explicit conduct (actual or simulated sexual intercourse including genital-genital, oral-genital, anal-genital, or oral-anal whether between person of the same or opposite sex), bestiality, masturbation, sadistic or masochistic abuse, degradation, or any

---

1 Archive files are files which generally contain other files in a compressed format. Thus, Archive files may be thought of as containers containing other files. Archive files are commonly referred to as "zip" or "zipped" files.

such depiction that lacks serious literary, artistic, political, or sceientific value." Google Inc. identified the user and associated IP addresses as:

> Phone: +19705711634 (Mobile)
> Email Address: hillarydave01@gmail.com
> IP Address: 69.145.23.162 (Login)
> 01-07-2017 06:06:43 UTC
> IP Address: 69.145.23.162 (Login)
> 12-27-2016 14:14:49 UTC
> IP Address: 69.145.23.162 (Login)
> 12-16-2016 06:15:18 UTC
> IP Address: 69.145.23.162 (Login)
> 12-15-2016 15:52:30 UTC
> IP Address: 72.175.185.67 (Registration)
> 07-10-2016 17:00:26 UTC

Google Inc. also uploaded the image file with this report. NCMEC conducted a Geo-Lookup for the user's IP addresses 69.145.23.162 and 72.175.185.67 and discovered they resolved to Sterling, Colorado and the ISP was Charter Communications.

21. On January 10, 2017 at 15:51:59 UTC, NCMEC received CyberTipline Report 16398882 from Google Inc.. Google Inc. reported that on January 8, 2017 at 01:34:04 UTC, the Gmail user hillarydave01@gmail.com used the IP address 69.145.23.162 to upload three images named "MATRIXtxri745dfwONION_233257mLd_1417227647544.jpg", "Felixxx_022436QBJ_14586353860353bf8.jpg" and "Felixxx_114442FVf_estefy_ride.gif" to an email in Gmail, which may or may not have been sent. Google Inc. viewed the entire contents of each of these three files. Google Inc. categorized two of the three images ("MATRIXtxri745dfwONION_233257mLd_1417227647544.jpg" and "Felixxx_022436QBJ_14586353860353bf8.jpg" ) as depicting a prepubescent minor engaged in a sex act. Google Inc. did not categorize the third file. Google Inc. provided the following user information as:

> Phone: +19705711634 (Mobile)
> Email Address: hillarydave01@gmail.com
> IP Address: 69.145.23.162 (Login)
> 01-07-2017 06:06:43 UTC
> IP Address: 69.145.23.162 (Login)
> 12-27-2016 14:14:49 UTC
> IP Address: 69.145.23.162 (Login)
> 12-16-2016 06:15:18 UTC
> IP Address: 69.145.23.162 (Login)
> 12-15-2016 15:52:30 UTC
> IP Address: 72.175.185.67 (Registration)
> 07-10-2016 17:00:26 UTC

Google Inc. also uploaded the files with this report. NCMEC conducted a Geo-Lookup for the user's IP addresses 69.145.23.162 and 72.175.185.67 and discovered they resolved to Sterling, Colorado and the ISP was Charter Communications.

6

22. On January 13, 2017 at 08:36:18 UTC, NCMEC received CyberTipline Report 16471547 from Google Inc. Google Inc. reported that the Gmail user hillarydave01@gmail.com was communicating via email with another user and provided the email exchange. Based on my experience and training, the exchange reflects hillarydave01@gmail.com trading links containing child exploitation material in exchange for images/videos of the recipient's alleged 8 year old daughter. Google Inc. provided the following user information as:

       Phone: +19705711634 (Mobile)
       Email Address: hillarydave01@gmail.com
       IP Address: 69.145.23.162 (Login)
       01-07-2017 06:06:43 UTC
       IP Address: 69.145.23.162 (Login)
       12-27-2016 14:14:49 UTC
       IP Address: 69.145.23.162 (Login)
       12-16-2016 06:15:18 UTC
       IP Address: 69.145.23.162 (Login)
       12-15-2016 15:52:30 UTC
       IP Address: 72.175.185.67 (Registration)
       07-10-2016 17:00:26 UTC

23. Google Inc. identified and included in the report the contents of the following draft Gmail emails that indicate that the recipient is possibly involved in the hands on abuse of a child:

       From: hillarydave01@gmail.com dave Hillary
       To: [amyg_999@mail.com Amy Gw]
       Subject: Re: amy
       Rfc822 Id: CADyKcnObmBcZVpSNPaFAk8hdn7rtJRGBF2omMJagfzz7ZtAXg@mail.gmail.com
       Unfortunately I am still looking and yes I do have fucking pics

       From: amyg_999@mail.com Amy Gw
       To: [hillarydave01@gmail.com dave Hillary]
       Subject: Re: amy
       Rfc822 Id: <trinity-0b7cfbc6-c38c-4ee2-9037-fea0869503f9-1483837500368@3capp-mailcomlxa06>
       dont have one. U have any girls or just look? Have actual fuck pix with men or moms. So she can see. I don't want to show her the bj's yet.

       From: hillarydave01@gmail.com dave Hillary
       To: [amyg_999@mail.com Amy Gw]
       Subject: Re: amy
       Rfc822 Id:
       CADyKcnPb5GvkSmd=CDW=GQzYcM75OyY9Zbkz6+4L4Qs4WHAHcA@mail.gmail.com Does your boyfriend play with your daughter to?

       From: amyg_999@mail.com Amy Gw
       To: [hillarydave01@gmail.com dave Hillary]
       Subject: Re: amy
       Rfc822 Id: <trinity-755bc7c4-8ffe-46a5-afc6-6cc86c72e36f-1483836212777@3capp-

mailcomlxa06>
I may. I did like it usually. I was a horny lil thing. .... so was he lol. He was 38 when we met

From: hillarydave01@gmail.com dave Hillary
To: [amyg_999@mail.com Amy Gw]
Subject: Re: amyRfc822 Id:
<CADyKcnMWc1GiqUOJSLUiU_DxzP7CnCCZxKr0JerApMtJPgjag@mail.gmail.com>
And did you like it ?

From: hillarydave01@gmail.com dave Hillary
To: [amyg_999@mail.com Amy Gw]
Subject: Re: amyRfc822
Id:<CADyKcnMrsFQGbHKG3dFZZcStkW8YNc=sUc0XrZDvoLNSTyVnVA@mail.gmail.com>
Is that her to, and do you have any videos of her?

From: amyg_999@mail.com Amy Gw
To: [hillarydave01@gmail.com dave Hillary]
Subject: Re: amyRfc822 Id: <trinity-a0679882-3479-41eb-b3db-035c65a20e58-
1483835208202@3cappmailcom-lxa06>
Sorry I don't like her to see bj's. Her pussy is what cum is for. I started at 5 with my stepdad.He used
my pussy daily.

From: hillarydave01@gmail.com dave Hillary
To: [amyg_999@mail.com Amy Gw]
Subject: Re: amyRfc822
Id:<CADyKcnOouHDth3tWOhrar5Ni2fshTQhWWf1fDy+H+3uORUr8fw@mail.gmail.com>     ??

From: hillarydave01@gmail.com dave Hillary
To: [amyg_999@mail.com Amy Gw]
Cc: empty
Subject: Re: amy
Rfc822 Id: <CADyKcnPntW7i-
ShjpNyLDLgCdsd2vdg3aFmbhPTXQv1nOE8=Qw@mail.gmail.com>
Any more of your daughter?

On Jan 7, 2017 10:13 AM, "daveHillary"<hillarydave01@gmail.com
<mailto:hillarydave01@gmail.com>>wrote:
https://my.pcloud.com/publink/show?code=kZ93n8ZxDGumC2qScjciVMjiHRCkFyOIaRy
<https://my.pcloud.com/publink/show?code=kZ93n8ZxDGumC2qScjciVMjiHRCkFyOIaRy>

On Jan 7, 2017 10:12 AM, wrote:

Lol you have any videos of her?

On Jan 7, 2017 9:57 AM, "Amy Gw" <amyg_999@mail.com <mailto:amyg_999@mail.com>>
wrote: Yes. This is her face after watching that lol

Sent: Saturday, January 07, 2017 at 11:01 AM
From: "dave Hillary" <hillarydave01@gmail.com <mailto:hillarydave01@gmail.com>>

To: "Amy Gw" <amyg_999@mail.com <mailto:amyg_999@mail.com>>
Subject:Re: amy
Is that your daughter?
https://yadi.sk/d/sFspB0Rx37SdPG <https://yadi.sk/d/sFspB0Rx37SdPG>

On Jan 7, 2017 8:53 AM, "Amy Gw" <amyg_999@mail.com <mailto:amyg_999@mail.com>>
wrote: I'm not into the asians

Sent: Saturday, January 07, 2017 at 8:48 AM
From: "dave Hillary" <hillarydave01@gmail.com <mailto:hillarydave01@gmail.com>>
To: "Amy Gw" <amyg_999@mail.com <mailto:amyg_999@mail.com>>
Subject: Re: amy
How many do you want?

On Jan 7, 2017 6:46 AM, "dave Hillary" <hillarydave01@gmail.com
<mailto:hillarydave01@gmail.com>>
wrote: I sent one link

On Jan 7, 2017 6:03 AM, "Amy Gw" <amyg_999@mail.com <mailto:amyg_999@mail.com>>
wrote: I'm into girls 7-13 with guys or women. U send first. I'll send my daughter after.

Sent: Saturday, January 07, 2017 at 6:18 AM
From: "dave Hillary" <hillarydave01@gmail.com <mailto:hillarydave01@gmail.com>>
To: "Amy Gw" <amyg_999@mail.com <mailto:amyg_999@mail.com>>
Subject: Re: amy
Sure

On Jan 6, 2017 8:17 PM, "Amy Gw" <amyg_999@mail.com <mailto:amyg_999@mail.com>>
wrote: Hc links for pics of my daughter (8yo)?

Sent: Sunday, November 06, 2016 at 10:32 PM
From: "dave Hillary" <hillarydave01@gmail.com <mailto:hillarydave01@gmail.com>>
To: "Amy Gw" <amyg_999@mail.com <mailto:amyg_999@mail.com>>
Subject: Re: amy
nice do you have anything like do you trade? or do you have snapchat or something like that?

On Nov 6, 2016 7:41 PM, "Amy Gw" <amyg_999@mail.com <mailto:amyg_999@mail.com>>
wrote: hi, saw u on imgsrc. im 27/f into the naughty side. my stepdad started me.

24. As part of CyberTipline Report #16471547, Google Inc. reported that the Google account
hillarydave01@gmail.com was created in July 2016; the phone number (970) 571-1634 is the recovery
phone number added to the account by the user on July 10, 2016 /17:00:26 UTC; and the following
Android cellular devices are associated with the account; Samsung Model SM-S920L, IP:69.145.23.162,
MEID:99000592124198 ; and Samsung Model SM-S120VL, IP:69.145.23.162, MEID:35925907292421.

25. NCMEC conducted a Geo-Lookup for the user's IP addresses 69.145.23.162 and 72.175.185.67 and
discovered they resolved to Sterling, Colorado and the ISP was Charter Communications.

26. On January 13, 2017, HSI Intelligence research Specialist (IRS) Kimberly Reece served a DHS Summons to

the Internet Service Provider (ISP) Charter Communications, Inc. seeking subscriber information for the account holder to include name, address, phone number and length of service for: IP address 69.145.23.162 on date/time 01-07-2017 at 06:06:43 UTC.  On January 13, 2017, Charter Communications provided the following information over the phone in response to the DHS Summons:

> Account Holder
> Name: Steven BOROUGH
> Address: 315 Hays Ave lot 51
> Sterling, CO 80751
> Phone: 970-571-1634

27. On January 13, 2017, Detective Scott Schneider, an Internet Crimes Against Children (ICAC) investigator, served a preservation request to Google Inc. requesting that Google preserve all customer information and account contents related to the Gmail user hillarydave01@gmail.com; and requesting that the account holder not be notified of this action in order to preserve the integrity of the ongoing investigation.

28. On January 17, 2017, I interviewed Sterling Police Department (SPD) Detective Russell Swingle about Steven BOROUGH. Detective Swingle reported that BOROUGH is a registered sex offender residing at 315 Hays Ave lot 51 in Sterling, Colorado; and that BOROUGH registered the phone number 970-571-1634 with the SPD.

29. On January 19, 2017, Detective Swingle conducted a check at the residence and confirmed BOROUGH was still residing at the home along with Bret ERICKSON, who is also a registered sex offender.

30. I conducted records check of NCIC for BOROUGH with the following results: Steven BOROUGH, DOB: XX/XX/1989, Address: 315 Hays Ave lot 51, Sterling, CO 80751, Phone: 970-571-1634, FBI#: 610467ND5, Date Arrested: 01/19/2012, Agency: Sterling Police Department; Charge: Sex Offense - Exploitation Of Children; Disposition: Guilty, Sentence: 2 Years Department of Corrections, 5 Years Sex Offender Supervision.

31. I conducted records check of NCIC for ERICKSON with the following results: Bret ERICKSON, DOB: XX/XX/1990, Address: 315 Hays Ave lot 51, Sterling, CO 80751, FBI#: 958886WD6, Date Arrested: 11/17/2011, Agency: Logan County Sheriff's Office; Charge: Sex Assault on a child- Aggravated Juvenile Offender; Disposition: Guilty, Sentence: 3 Years Community Corrections, Revoked to 42 months in Colorado Department of Corrections.

32. On February 3, 2017, I served a DHS Summons to TracFone Wireless, Inc. seeking subscriber information for the account holder associated with the phone number 970-571-1634, which is used as the recovery phone number for the Google account hillarydave01@gmail.com; and is listed as the customer's phone number by Charter Communications. On February 8, 2017, TracFone Wireless, Inc. identified the subscriber for 970-571-1634 as Steven BOROUGH of Sterling, CO.

33. On March 24, 2017, I submitted a search warrant application seeking authorization to view the contents of the files that Google Inc. included in CyberTipline Reports 16375710 and 16398882. A search warrant was authorized the same day by the Hon. Michael E. Hegarty, U.S. Magistrate Judge.

34. On March 27, 2017, I viewed the three specific suspected child pornography images associated with CyberTipline Report #16398882 that Google Inc. identified uploaded by the Gmail user hillarydave01@gmail.com.  The three images are described below:

a. Email #1
Filename: MATRIXtxri745dfwONION_233257mLd_1417227647544.jpg
Source Information: IP Address: 69.145.23.162
Upload Date/Time: 01-08-2017 01:34:04 UTC
I viewed the image and found it to depict an adult male placing his penis in the anus of an infant female.

b. Email #2
Filename: Felixxx_022436QBJ_14586353860353bf8.jpg
Source Information: IP Address: 69.145.23.162
Upload Date/Time: 01-08-2017 01:34:04 UTC
I viewed the image and found it to depict an adult male attempting to insert his penis in the anus of an infant female.

c. Email #3
Filename: Felixxx_114442FVf_estefy_ride.gif
Source Information: IP Address: 69.145.23.162
Upload Date/Time: 01-08-2017 01:34:04 UTC
I viewed the image and found it to depict an adult male having anal sex with a prepubescent minor female.

35. On March 27, 2017, I viewed the one specific suspected child pornography image associated with CyberTipline Report # 16375710 uploaded by the Gmail user hillarydave01@gmail.com.  The image is described as follows:

d. Email #1
Filename: 20707jpg_6198590_24153450.jpg
Source Information: IP Address: 69.145.23.162
Upload Date/Time: 01-08-2017 01:34:04 UTC
I viewed the image and found it to depict a nude adult female using her hand to rub the genitals of a prepubescent minor female while lying on a bed with her.

36. Based on the above facts, on March 27, 2017, I submitted a search warrant application seeking authorization to view the contents of the email account "hillarydavid01@gmail.com". A search warrant was authorized the same day by the Hon. Michael E. Hegarty, U.S. Magistrate Judge.  The search warrant was served on Google Inc. Google Inc. responded and indicated that the email address in the search warrant caption did not exist.  Based on this response, I reviewed the captions of the email search warrant application and search warrant and Attachment A of the original application packet and learned that I had inadvertently requested to search the "hillarydavid01@gmail.com" email account instead of the "hillarydave01@gmail.com" email account, which had been correctly described throughout the original search warrant affidavit. I am now submitting this amended search warrant application, affidavit, and warrant to search the "hillarydave01@gmail.com" email account.

## EVIDENCE

37. Your Affiant knows from training and experience that digital evidence is not limited to computers.  Your Affiant has been involved in cases where persons with an interest in material depicting the sexual exploitation of children can access the Internet, display images of child pornography, and communicate with other individuals with the same interest using digital storage devices to include cellular telephones, e-mail

devices, and personal digital assistants. These devices are frequently found to contain chat communications in the form of short message service (SMS) messages as well as enabling Internet and digital cellular network access.

38. Your Affiant knows from training and experience that persons trading in, receiving, transporting, distributing, or possessing images involving the sexual exploitation of children or those interested in the firsthand sexual exploitation of children often communicate with others through correspondence or other documents (whether digital or written) which could tend to identify the origin of the images as well as provide evidence of a person's interest in child pornography or child sexual exploitation.

39. Your Affiant knows from training and experience that the complete contents of e-mail accounts may be important to establishing the actual user who has dominion and control of an e-mail account at a given time. E-mail accounts may be registered in false names or screen names from anywhere in the world with little to no verification by the service provider. They may also be used by multiple people. Therefore, the content of a given account, including the e-mail accounts that send messages to a given account often provides important evidence regarding the actual user's dominion and control of an e-mail account.

40. Your Affiant knows from training and experience that criminals discussing their criminal activity may use slang, short forms (abbreviated words or phrases such as "lol" to express "laugh out loud"), or code words (which require entire strings or series of e-mail conversations to determine their true meaning) when discussing their crimes. They can also discuss aspects of the crime without specifically mentioning the crime involved. In the electronic world, it is even possible to use pictures, images and emoticons (images used to express a concept or idea such as a happy face inserted into the content of an e-mail or the manipulation and combination of keys on the computer keyboard to convey an idea, such as the use of a colon and paren ":)" to convey a smile or agreement) to discuss matters. Keyword searches would not account for any of these possibilities, so actual review of the contents of an e-mail account by law enforcement familiar with the identified criminal activity is necessary to find all relevant evidence within the account.

41. Based upon training and experience, your Affiant knows that persons in engaged in online activities involving a sexual interest in children or child erotica are also often involved in online activities involving the production and possession of child pornography. Likewise, your Affiant knows from training and experience that persons involved in online activities involving the production and possession of child pornography are often involved in online activities involving the production and possession of child erotica.

42. Based on my training, knowledge, experience, and conversations with others in law enforcement, I understand that an individual who possesses images and/or videos depicting child pornography on one digital storage devices and/or Internet email or online storage account is likely to possess child pornography on additional digital storage devices and/or Internet email or online storage accounts that s/he possesses. Additionally, based on this training and experience, I understand that an individual who discusses the sexual abuse and/or exploitation of children on one digital storage device is likely to conduct those communications on additional digital storage devices that s/he possesses.

43. Your Affiant recognizes the prudence requisite in reviewing and preserving in its original form only such records applicable to the violations of law described in this Affidavit and in Attachment B in order to prevent unnecessary invasion of privacy and overbroad searches. Your Affiant advises it would be impractical and infeasible for the Government to review records produced by a Service Provider and keep only such records as the Government finds to be related to the offenses described herein and in Attachment B during a single analysis. Your Affiant has learned through practical experience that various emails often

have unknown probative value and linkage to other pieces of evidence in the investigation until they are considered within the fluid, active, and ongoing investigation of the whole. In other words, the weight of each individual piece of the data fluctuates based upon additional investigative measures undertaken, other documents under review and incorporation of evidence into a consolidated whole. Analysis is content-relational, and the importance of any associated data may grow whenever further analysis is performed. The full scope and meaning of the whole of the data is lost if each piece is observed individually, and not in sum. Due to the interrelation and correlation between e-mail threads, and any respective attachments, looking at one piece of information may lose its full evidentiary value if it is related to another piece of information, yet its complement is not preserved along with the original. In the past, your Affiant has reviewed activity within email accounts pursuant to search warrants in the course of ongoing criminal investigations. Your Affiant has learned from that experience, as well as other investigative efforts, that multiple reviews of the activity in the account at different times is necessary to understand the full value of the information contained therein. In order to obtain the full picture and meaning of the data from the information sought in Attachments A and B of this application, the Government would need to maintain access to all of the resultant data, as the completeness and potential of probative value of the emails and data must be assessed within the full scope of the investigation. As such, your Affiant respectfully requests the ability to maintain the whole of the data provided by the Service Providers, and to review the communications in the control and custody of the Government and law enforcement at times deemed necessary during the investigation, rather than minimize the content to certain communications deemed important at one time. As with all evidence, the Government will obtain the mirrored images in its custody and control, without alteration, amendment, or access by persons unrelated to the investigation.

44. This application seeks a warrant to search all responsive records and information under the control of Google Inc., a provider subject to the jurisdiction of this court, regardless of where Google Inc. has chosen to store such information. The government intends to require the disclosure pursuant to the requested warrant of the contents of wire or electronic communications and any records or other information pertaining to the customers or subscribers if such communication, record, or other information is within Google Inc.'s possession, custody, or control, regardless of whether such communication, record, or other information is stored, held, or maintained outside the United States. [2]

## CONCLUSION

45. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

46. Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that evidence, fruits, and instrumentalities of Title 18, United States Code, Sections 2252A(a)(1), (2), (3), and (5) and 2252(a)(1), (2), and (4) may be located within the e-mail account described in Attachment A.

47. I, therefore, respectfully request that the attached warrant be issued authorizing the search and seizure of the

---

[2] It is possible that Google Inc. stores some portion of the information sought outside of the United States. In Microsoft Corp. v. United States, 2016 WL 3770056 (2nd Cir. 2016), the Second Circuit held that the government cannot enforce a warrant under the Stored Communications Act to require a provider to disclose records in its custody and control that are stored outside the United States. As the Second Circuit decision is not binding on this court, I respectfully request that this warrant apply to all responsive information including data stored outside the United States pertaining to the identified account that is in the possession, custody, or control of Google Inc. The government also seeks the disclosure of the physical location or locations where the information is stored.

items listed in Attachment B.

___*s/Darrell Franklin*_____
Darrell Franklin, Special Agent
Homeland Security Investigations


SUBSCRIBED and SWORN before me this __5th____ day of __April___ 2017

_____   _____
UNITED STATES MAGISTRATE JUDGE
MICHAEL J. WATANABE


**Application for search warrant was reviewed and is submitted by Alecia L. Riewerts, Assistant United States Attorney.**

**ATTACHMENT A**

**<u>DESCRIPTION OF LOCATION TO BE SEARCHED</u>**

Information associated with the e-mail account known as "**hillarydave01@gmail.com**" (hereinafter and in Attachment B "SUBJECT ACCOUNT") which is in the possession of or under the control of the E-mail and Internet Service Provider **Google Inc.** whose office is located at **1600 Amphitheatre Parkway, Mountain View, CA 94043** (hereinafter and in Attachment B "PROVIDER.")

ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

Pursuant to 18 U.S.C. § 2703, PROVIDER as described in Attachment A is hereby ordered as follows:

## I.    SEARCH PROCEDURE

a.  The search warrant will be presented to personnel of the PROVIDER, who will be directed to isolate those accounts and files described in Section II below regardless of whether such information is stored, held or maintained inside or outside of the United States;

b.  In order to minimize any disruption of computer service to innocent third parties, the PROVIDER'S employees and/or law enforcement personnel trained in the operation of computers will create an exact duplicate of the computer accounts and files described in Section II below, including an exact duplicate of all information stored in the computer accounts and files described therein;

c.  The PROVIDER'S employees will provide the exact duplicate in electronic form of the accounts and files described in Section II below and all information stored in those accounts and files to the agent who serves the search warrant; and

d.  Law enforcement personnel will thereafter review all information and records received from the PROVIDER'S employees to determine the information to be seized by law enforcement personnel specified in Section III.

## II.    FILES AND ACCOUNTS TO BE DISCLOSED BY THE PROVIDER'S EMPLOYEES

a.  For the SUBJECT ACCOUNT listed in Attachment A for the time period from the date the SUBJECT ACCOUNT was created, to the date the PROVIDER collects the data in response to this order the PROVIDER shall disclose the following information, and the disclosure shall include all information even if deleted yet still available to the PROVIDER, and all information preserved pursuant to a request under 18 U.S.C. § 2703(f):

1.  The contents of all e-mails and attachments associated with the SUBJECT ACCOUNT, including deleted, stored, or preserved (pursuant to 18 U.S.C. § 2703(f) or otherwise) e-mails sent to and from the account, draft e-mails, existing printouts of any such e-mails, the source and destination addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail;

2.  All records or other information regarding the identification of the SUBJECT ACCOUNT, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses, phone numbers, or other identifying information provided during registration, other associated e-mail accounts, all screen names associated with the subscribers and/or accounts, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

3.  All records indicating the services available to subscribers of the SUBJECT ACCOUNT;

4.  The services the SUBJECT ACCOUNT utilized and all records generated by those services;

5. All records or other information stored at any time by an individual using the SUBJECT ACCOUNT, including address books, contact and buddy lists, calendar data, pictures, and files;

6. All records pertaining to communications between the PROVIDER and any person regarding the SUBJECT ACCOUNT, including contacts with support services and records of actions taken.

7. For all information responsive to this warrant, regardless of whether such information is stored, held or maintained inside or outside of the United States, the physical location or locations where the information is stored.

b. The Provider is hereby ordered to disclose the above information to the government within **14 DAYS** of the issuance of this warrant.

## III.   INFORMATION TO BE SEIZED BY LAW ENFORCEMENT PERSONNEL

a. All information described above in Section II that constitutes fruits, evidence and instrumentalities of violations of Title 18, United States Code, Sections 2252(a)(1), (2), and (4) and 2252A(a)(1), (2), (3), and (5):

1. All electronic mail, attachments, and related computer files that identify the account user, individuals, or correspondents engaged in the purchase, offer, sale, importation, receipt, distribution, and/or possession of child pornography, that identifies the means or methods used regarding such the purchase, offer, sale, importation, receipt, distribution, and/or possession of child pornography or other violations of Title 18, United States Code, Sections 2252(a)(1), (2), and (4) and 2252A(a)(1), (2), (3), and (5);

2. All electronic mail, attachments, and related computer files that evidences or identifies the means of payment or financing of the sale, importation, transportation, receipt, distribution, and/or possession of child pornography or other violations of Title 18, United States Code, Sections 2252(a)(1), (2), and (4) and 2252A(a)(1), (2), (3), and (5);

3. All "address books" or other lists of correspondents;

4. All saved "chat" transcripts that identify a sexual interest in minors and/or violations of Title 18, United States Code, Sections 2252(a)(1), (2), and (4) and 2252A(a)(1), (2), (3), and (5);

5. Any and all records, documents, visual depictions, and materials pertaining to child pornography, child erotica, an interest in such materials, or pertaining to a sexual interest in children, or sexual activity involving children;

6. Any and all information, notes, software, documents, records, or correspondence, in any form and medium pertaining to any minor who is, or appears to be, the subject of any visual depiction of child pornography, child erotica, sexual activity with other minors or adults, or of sexual interest, or that may be helpful in identifying any such minors;

7. Records relating to who created, used, or communicated with the SUBJECT ACCOUNT or identifier, including records about their identities and whereabouts.

## IV.   PROVIDER PROCEDURES

a. The PROVIDER shall deliver the information set forth above within **14 days** of the service of this warrant and the PROVIDER shall send any **responsive data, if any, by sending to the below address and using the US**

**Postal Service or another courier service, notwithstanding 18 U.S.C. 2252A or similar statute or code;** and where maintained in electronic form, on CD-ROM or an equivalent electronic medium, to:

> Special Agent Darrell Franklin
> Homeland Security Investigations
> 4645 W. 18th Street, Suite 500, Greeley, CO 80634
> Darrell.M.Franklin@ice.dhs.gov

b.   Pursuant to 2703(g), the presence of an agent is not required for service or execution of this warrant.

## VI.    DEFINITIONS

a.   As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored.

b.   "Child Pornography" as used herein is defined in 18 U.S.C. § 2256(8). (Any visual depiction, including any photograph, film, video, picture, or computer or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct).

c.   "Visual depictions" includes prints, copies of visual images, developed and undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image.  See 18 U.S.C. § 2256(5).

d.   "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions; this also includes texts or discussions regarding minors engaged in sexual acts or conduct.